ARTHUR J. WELLINGTON *vs.* DENNIS F. CROWLEY & trustee.

Suffolk.　　April 8, 1918. — May 22, 1918.

Present: RUGG, C. J., LORING, DE COURCY, PIERCE, & CARROLL, JJ.

*Contract,* Construction, Performance and breach.　*Words,* "Suitable location."

In an action by the proprietor of a stone crusher on a contract in writing, by which the defendant agreed to pay at a certain rate for the crushing of stone by the plaintiff, the plaintiff agreed to furnish a stone crushing plant and the defendant agreed "to furnish a suitable location for the crusher," it appeared that the defendant furnished a location on which the plaintiff set up his crusher, but that, before the beginning of the crushing operations, an injunction was issued in a suit brought by persons living in the vicinity of the location prohibiting the operation of the crusher as a nuisance, so that the plaintiff was unable to operate the crusher and earn the payments that would have been due to him under the contract. *Held,* that the defendant had broken the contract and the plaintiff was entitled to damages, because a location that could not be used without violating the rights of those living in the neighborhood was not a "suitable" one within the meaning of the contract.

CONTRACT, by a person carrying on business individually under the name Massachusetts Broken Stone Company, upon a contract in writing dated April 6, 1904, which is printed below, whereby the plaintiff agreed to furnish a stone crushing plant and the defendant agreed "to furnish a suitable location for the crusher," and whereunder the plaintiff was to crush for the defendant stone guaranteed to be not less than eight thousand tons and to receive payment there-

for on the fifteenth of each month for all stone crushed up to the first of the month until the completion of the work, alleging that the defendant failed to furnish a suitable location for the crusher, whereby the plaintiff, who was ready and willing to perform his part of the contract, was prevented from performing it and from earning the agreed payments. Writ dated November 24, 1905.

The contract sued upon was as follows:

"Boston, April 6, 1904.

"D. F. Crowley, Esq.,
   W. Quincy, Mass.

"Dear Sir: In regard to furnishing a stone crushing plant and crushing stone for you at Harrison Square, would make you the following proposition. Will furnish a complete crushing plant with pockets for loading stone into carts and set up the plant on the location to be furnished by you, furnish engineer, fuel and men to feed the stone from the crusher platform into the crusher, and crush and deliver 80 to 100 tons of stone per day into the bins for 25 cts. per ton of 2,000 lbs.

"You to furnish a suitable location for the crusher, with water supply, and furnish daily 80 to 100 tons of stone of suitable size to enter the crusher delivered on the crusher platform, and remove the crushed stone from the bins as fast as crushed. We to be paid on the 15th of each month for all stone crushed up to the first of the month, and you to guarantee not less than 8,000 tons and a continuous supply of stone at the above named rates until the completion of the work.

Yours truly,

"Accepted,                          Mass. Broken Stone Company
   Dennis F. Crowley.                     By B. P. Ellison."

The case was referred to an auditor, who filed a report, upon which as the only evidence the case afterwards was heard by *Wait*, J. The auditor's report, among other findings, contained the following:

"The defendant furnished a location for the plant in the vicinity of the place where a large quantity of stone had been collected on Topliff Street, and it appears that the plaintiff caused a crushing plant to be transported to the location so furnished and there set up ready for operation.

"Just prior to the beginning of the crushing operations, an injunction, restraining the plaintiff from there operating the plant, was obtained upon the petition of the residents living in the vicinity of the location of the plant, on the ground that said crushing operations would be a nuisance, and as a result of said injunction, the plaintiff was unable to operate the plant upon the location furnished."

The auditor's report concluded as follows:

"The question, therefore, turns wholly upon the legal construction of the word 'suitable' as used in this contract. If it be held to relate solely to the suitability of the location from an operating standpoint only, then I find that there has been no breach of the contract. If, however, its legal construction and significance is broader than that and that the suitability of the location as required and intended by the contract fairly implies such a location as will be suitable not merely from an operating standpoint, but also with reference to the neighborhood and with references to surrounding conditions and circumstances, then I find that a location of that description was not furnished and there consequently has been a breach of the contract.

"If there has been a breach of the contract in that a location of the character required was not furnished by the defendant, then I find that the plaintiff is entitled to damages in the sum of $968 and interest from the date of the writ."

The judge, without hearing either party in argument, found and ordered judgment for the defendant, and upon the request of both parties reported the case for determination by this court. If his finding was wrong, judgment was to be entered for the plaintiff in the sum of $968, with interest from the date of the writ; otherwise, judgment was to be entered on the finding for the defendant.

The case was submitted on briefs.

*W. A. Knowlton & F. M. Hill,* for the plaintiff.

*H. V. Cunningham,* for the defendant.

LORING, J. It is expressly provided in the contract between the plaintiff and the defendant that the defendant was "to furnish a suitable location for the crusher." If the "location for the crusher" furnished by the defendant was a location where stone could not be crushed, it was not a "suitable location" within the true meaning of this provision of the contract. The reason why

stone could not be crushed at the location furnished by the defendant (if stone could not be crushed there) is of no consequence. If stone could not be crushed at the location furnished by the defendant because crushing stone there was a violation of the rights of those living in the neighborhood, the location was no more a "suitable" one than is a location where for physical reasons the work of crushing stone could not be carried on. See in this connection *Evans* v. *Reading Chemical Fertilizing Co. Ltd.* 160 Penn. St. 209, 227; *Susquehanna Fertilizer Co.* v. *Spangler,* 86 Md. 562, 571; *Teilman* v. *Plock,* 21 Fed. Rep. 349, 350.

If the action taken by the neighbors had been taken after the plaintiff had begun work at the location furnished by the defendant, questions would have arisen not presented by this record. It is stated in the report that the injunction forbidding the crushing of stone at the location furnished by the defendant was granted "just prior to the beginning of the crushing operations."

So too, if it had appeared on the record that part of the damages found by the auditor included work done before the action was taken by the neighbors, a question would have arisen which has not been argued by the defendant. The report does not state how the damages (amounting to $968) found by the auditor were computed, and the defendant has confined his argument to the true meaning of the provision of the contract requiring the defendant to provide "a suitable location for the crusher." The presiding judge ends his report with these words: "If my finding was wrong, then judgment is to be entered for the plaintiff in the sum of $968, with interest from the date of the writ." The finding was wrong. It follows that judgment is to be entered for the plaintiff in the sum just stated, and it is

*So ordered.*